IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO JOSEPH,

       Plaintiff,               No. 2:13-cv-00051 JFM (PC)

   vs.

J. TELANDER, et al.,

       Defendants.       <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

2

1   v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn

2   quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this

3   standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,

4   and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416

5   U.S. 232, 236 (1974).

6           In the instant case, plaintiff included no charging allegations as to defendants D.

7   Beckel, D. Laughlin, J. Olson, J. Ponder, J. Telander, K. Cornish, R. Prentice and S. Ashman.

8   Further, plaintiff alleged only that defendants J. Davison, S. Heatley and Sneuner denied his

9   appeal or signed off on his appeal.  With regards to defendant L.M. Wilcox, plaintiff alleged only

10  that he was the clinician who "kept telling" plaintiff he was signed up for group therapy.

11          Plaintiff appears to allege that some defendants are liable based on their role in the

12  inmate grievance process.  However, prisoners have no stand-alone due process rights related to

13  the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988);

14  see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty

15  interest entitling inmates to a specific grievance process).  Put another way, prison officials are

16  not required under federal law to process inmate grievances in a specific way or to respond to

17  them in a favorable manner.  Because there is no right to any particular grievance process,

18  plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based

19  on allegations that prison officials ignored or failed to properly process grievances.  See, e.g.,

20  Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb.2, 2010) (plaintiff's allegations that

21  prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the

22  First Amendment); Williams v. Cate, 2009 WL 3789597 at *6 (E.D. Cal. Nov.10, 2009)

23  ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

24          To the extent plaintiff is attempting to allege that his constitutional rights were

25  violated because he has not received adequate mental health care, plaintiff is informed of the

26  following principles that may apply to this action.  In Estelle v. Gamble, 429 U.S. 97, 106 (1976),

1    the Supreme Court held that inadequate medical care did not constitute cruel and unusual

2    punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate

3    indifference to serious medical needs."  In applying this standard, the Ninth Circuit has held that

4    before it can be said that a prisoner's civil rights have been abridged, "the indifference to his

5    medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice'

6    will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.

7    1980), citing Estelle, 429 U.S. at 105-06.

8          The "deliberate indifference" standard of Estelle also applies in cases involving

9    the adequacy of mental health care in prisons.  Doty v. County of Lassen, 37 F.3d 540, 546 (9th

10   Cir. 1994); Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  To establish unconstitutional

11   treatment of a mental health condition, "a prisoner must show deliberate indifference to a

12   'serious' medical need."  Doty, 37 F.3d at 546 (quoting McGuckin v. Smith, 974 F.2d 1050,

13   1059 (9th Cir. 1991)).  A medical need is "serious if the failure to treat a prisoner's condition

14   could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Id.

15   at 546 (quoting McGuckin at 1059).  The "'routine discomfort' that results from incarceration" is

16   not a serious medical need.  Id.  Moreover, a difference of opinion between the prisoner and

17   medical providers concerning the appropriate course of treatment for mental health problems

18   does not amount to deliberate indifference.  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.

19   1996).

20         If plaintiff is attempting to allege that some or all of the defendants violated his

21   Eighth Amendment rights by failing to investigate or take steps to improve an ongoing medical

22   problem, plaintiff must allege facts sufficient to establish his difference of opinion with

23   defendants amounted to deliberate indifference.  To establish that such a difference of opinion

24   amounted to deliberate indifference, the prisoner "must show that the course of treatment the

25   doctors chose was medically unacceptable under the circumstances" and "that they chose this

26   course in conscious disregard of an excessive risk to [the prisoner's] health."  See Jackson, 90

4

F.3d at 332; <u>see</u> <u>also</u> <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); <u>see also</u> <u>Snow v. McDaniel</u>, 681 F.3d 978, 988 (9th Cir. 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances.).  If plaintiff chooses to amend his complaint, he must allege facts sufficient to demonstrate the defendant or defendants failed to act to correct an ongoing medical problem, and what steps they could have taken to rectify the problem.

        The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of</u>

5

1  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

3  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

4  complaint be complete in itself without reference to any prior pleading.  This is because, as a

5  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

6  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

7  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

8  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

9          In accordance with the above, IT IS HEREBY ORDERED that:

10          1.  Plaintiff's request for leave to proceed in forma pauperis (ECF 11) is granted.

11          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

12  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

13  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

14  Director of the California Department of Corrections and Rehabilitation filed concurrently

15  herewith.

16          3.  Plaintiff's complaint is dismissed.

17  /////

18  /////

19  /////

20  /////

21  /////

22  /////

23  /////

24  /////

25  /////

26  /////

1    4.  Within thirty days from the date of this order, plaintiff shall complete the

2  attached Notice of Amendment and submit the following documents to the court:

3    a.  The completed Notice of Amendment; and

4    b.  An original and one copy of the Amended Complaint.

5  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

6  Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

7  bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

8  file an amended complaint in accordance with this order may result in the dismissal of this

9  action.

10   Dated: May 15, 2013

11

12                                    CAROLYN K. DELANEY
                                      UNITED STATES MAGISTRATE JUDGE

13   jose0051.14new.jfm

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALONZO JOSEPH,

11            Plaintiff,                    No. 2:13-cv-00051 JFM (PC)

12        vs.

13   J. TELANDER, et al.                    NOTICE OF AMENDMENT

14            Defendants.

15   _____/

16            Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18            _____        Amended Complaint

19   DATED:

20

21

22

23                                    _____

24                                    Plaintiff

25

26

                                    8